**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Christopher Joel Antone,<br><br>           Defendant. | No. CR-18-02341-001-TUC-RM (JR)<br>No. CR-19-01222-001-TUC-RM (JR)<br><br>**ORDER** |

Pending before the Court is Defendant Christopher Joel Antone's Emergency Motion to Reduce the Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A). (Doc. 60; Doc. 38 in CR 19-1222.)[1] The Government did not file a Response to Defendant's Motion. For the following reasons, the Court will deny Defendant's Motion.

**I.  Background**

In case number CR 18-2341, Defendant pled guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 50.) In case number CR 19-1222, Defendant pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 28 in CR 19-1222.) Defendant committed the offense in CR 19-1222 while on pretrial release in CR 18-2341. (Doc. 41 at 6-7.) He also submitted a drug test positive for methamphetamine while on pretrial release in CR 18-2341. (Doc. 13 at 1.) On

---

[1] Unless otherwise specified, record citations refer to the docket in CR 18-2341.

September 3, 2019, the Court sentenced Defendant to concurrent 41-month terms of imprisonment followed by concurrent 3-year terms of supervised release. (Doc. 50; Doc. 28 in CR 19-1222.)

On August 30, 2020, Defendant filed a Motion to Reduce Sentence or for Early Release Under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 54; Doc. 32 in CR 19-1222.) In support thereof, Defendant stated that he has asthma and sleep apnea and had twice tested positive for COVID-19. (Doc. 54 at 1; Doc. 56 at 2.) Furthermore, he disputed the Government's position that he is a danger to the community, averring that he is engaged in a drug treatment program and does not pose a threat to the community when sober. (Doc. 56 at 2.) He further argued that there is no evidence he brandished or displayed weapons in a threatening manner as the Government claimed. (*Id.*)

On October 19, 2020, this Court denied Defendant's Motion on the grounds that "Defendant's release would pose a danger to the community and that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against release." (Doc. 57 at 4.) In reaching this conclusion, the Court assumed that Defendant's asthma and sleep apnea "constitute[d] extraordinary and compelling reasons rendering him statutorily eligible for early release." (*Id.*) However, the Court found that early release was not warranted considering the nature of Defendant's offenses, his criminal history, and his performance on pretrial release in CR 18-2341. (*Id.*)

On January 29, 2021, Defendant filed the instant Emergency Motion to Reduce the Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 60; Doc. 38 in CR 19-1222.)

**II.     Legal Standard**

A court may reduce a term of imprisonment upon a defendant's motion, after considering the factors set forth in 18 U.S.C. § 3553(a), if: (1) the defendant has fully exhausted his administrative remedies, (2) "extraordinary and compelling reasons" warrant the reduction, and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). A defendant exhausts his

administrative remedies by appealing a failure of the Bureau of Prisons to bring a motion on his behalf or by the lapse of 30 days from the receipt of a request for compassionate release by the warden of the defendant's facility. *Id.*

The Ninth Circuit recently held that the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for purposes of 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). The Ninth Circuit explained that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Therefore, the Court will rely on U.S.S.G. § 1B1.13 as persuasive but non-binding authority for purposes of evaluating the present Motion.

Both 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 direct courts to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13 further provides that a defendant's sentence may be reduced only if it is determined that the defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The application notes to U.S.S.G. § 1B1.13 describe specific circumstances that present "extraordinary and compelling reasons" for a sentence reduction, including when a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1.

The factors to be considered in determining a sentence under 18 U.S.C. § 3553(a) include "the nature and circumstances of the offense and the history and characteristics of the defendant," the sentencing range established by the Sentencing Guidelines, the need to avoid unwarranted sentence disparities among similarly situated defendants, and the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

The factors to be considered in assessing dangerousness under 18 U.S.C. § 3142(g) include the nature and circumstances of the defendant's offense; the weight of the evidence against the defendant; the nature and seriousness of the danger to any person or the community posed by the defendant's release, and the defendant's history and characteristics, including "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse," and criminal history. 18 U.S.C. § 3142(g).

## III.   Discussion

In June 2020, Defendant submitted a request for Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) to the warden of the facility where he is housed. (Doc. 60 at 12.) On August 11, 2020, the warden denied his request. (*Id.*; *see also* Doc. 60-6 at 2.) Defendant did not appeal the warden's decision through administrative remedies. (Doc. 60 at 12.) However, Defendant filed this Motion more than 30 days after the warden received his request. (*Id.*) Therefore, the Court assumes without deciding that Defendant exhausted his administrative remedies before filing this Motion. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Wedenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2-4 (D. Ariz. Nov. 8, 2019).

In the instant Motion, Defendant argues that his "health issues, combined with the growing coronavirus pandemic and the Eight Amendment violations at FCI Lompoc, provide an extraordinary and compelling basis for sentence reduction." (Doc. 60 at 4.) Defendant specifically states that he has asthma and that he has been prescribed breathing treatments that have not been administered as prescribed. (*Id.* at 6.) He further states that he is obese and that he has twice tested positive for COVID-19. (*Id.*) Defendant describes a severe COVID-19 outbreak at FCI Lompoc and a class-action lawsuit brought by

prisoners in light of the outbreak seeking relief for alleged unconstitutional conditions of confinement in violation of the Eighth Amendment. (*Id.* at 7-11.) Regarding his rehabilitation, Defendant states that he "has served about 60% of his sentence and has been incident report free." (Doc. 60 at 6.) Defendant asserts that as of February 26, 2021, he will have completed the Bureau of Prisons' Residential Drug Abuse Program. (*Id.* at 31.) Defendant avers that he is "no longer a drug addict and is extremely remorseful for the bad decision he made previously in life and now has the skills and tools to re-enter society as a healthy part of it." (*Id.*)

As the Court did when considering Defendant's previous Motion (Doc. 57 at 4), the Court here assumes that Defendant's health conditions in light of the COVID-19 pandemic constitute extraordinary and compelling reasons rendering him statutorily eligible for early release. Nevertheless, the Court finds that Defendant's arguments in the instant Motion do not warrant reconsideration of the Court's prior finding that compassionate release is not warranted. Specifically, Defendant's assertions do not sufficiently address this Court's previous conclusions that Defendant poses a danger to the public and that the 18 U.S.C. § 3553(a) factors weigh against release. (Doc. 57 at 4.) The nature and circumstances of Defendant's offenses were serious, and particularly troubling is Defendant's unsatisfactory performance on pretrial release in CR 18-2341. The Court finds that the remaining term of Defendant's custodial sentence will continue to provide him with needed correctional treatment and remains suitably tailored to provide just punishment for his offenses and deter him from future criminal conduct.

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that Defendant's Emergency Motion to Reduce the Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 60 in CR-18-02341-TUC-RM-JR and Doc. 38 in CR-19-01222-TUC-RM-JR) is **denied**.

Dated this 19th day of July, 2021.

_____
Honorable Rosemary Márquez
United States District Judge